In the Matter of the Application of JOSEPH H. ADOLPH and Others to Lay Out a Highway in the Town of Highlands, Orange County, and for the Assessment of Damages Therefor.

JOSEPH H. ADOLPH and Others for the Motion; ESEK C. CARPENTER, Property Owner, in Opposition.

*Highway less than three rods in width — when the approval of the County Court and of the Appellate Division is necessary.*

Section 90 of the Highway Law (Laws of 1890, chap. 568) as it existed prior to 1895, provided that no highway should be laid out less than three rods in width without the consent of the interested landowners, unless, among other things, the approval of the County Court and the Appellate Division was obtained.

By chapter 508 of the Laws of 1895 the said section was amended by adding thereto the following clause: "In case the highway to be laid out shall constitute an extension or continuation of a public highway already in use, and shall

not, as to such new portion, exceed half a mile in length, the commissioners may lay out such extension or continuation, of a width of less than three rods, provided, however, that it be not less than the widest part of the highway of which it is an extension or continuation. In such case the commissioners shall specify in their certificate the precise width of the new portion of such highway, and shall certify that such width is as great at least as the widest part of the highway of which it is a continuation or extension."

*Held*, that under the section, as amended, the commissioners may not lay out a highway less than three rods in width without the approval of the County Court and the Appellate Division, except in the case of the extension of a highway already in use in which case the highway to be laid out must come within the terms of the provision added by the amendment of 1895;

*Semble*, that if the highway to be laid out does come within the terms of the provision added by the amendment of 1895, the approval of the County Court and of the Appellate Division need not be obtained.

MOTION by Joseph H. Adolph and others, under section 90 of the Highway Law, to confirm an order of the County Court of Orange county, entered in the office of the clerk of the county of Orange in December, 1904, directing the laying out of a highway less than three rods in width.

*A. H. F. Seeger*, for the motion.

*R. H. Barnett*, in behalf of Esek C. Carpenter, property owner, opposed.

WILLARD BARTLETT, J.:

The proposed highway to which this proceeding relates is less than three rods in width, being twenty-one feet eleven inches wide on the south end and forty-three feet six inches wide on the north end. Its length is about one hundred and seventy feet; and it will constitute an extension or continuation of a public highway already in use, the widest part of which is fifty feet in width.

This application is made under section 90 of the Highway Law (Laws of 1890, chap. 568, as amd. by Laws of 1895, chap. 508). That section is entitled "Limitations upon laying out highways." It begins with a series of conditional prohibitions. Thus, it provides that no highway shall be laid out less than three rods in width, nor through an orchard, or garden, or vineyard of certain specified ages, nor through buildings, or trade or manufacturing fixtures or erections, or yards or inclosures necessary to the use and enjoyment

thereof, without the consent of the owner or owners thereof, unless certain proceedings are had as prescribed further on in the section. The proceedings comprise a certificate of the commissioners of highways showing that the public interest will be greatly promoted by the laying out and opening of such highway ; the certificate of the commissioners appointed by the County Court that the proposed highway is necessary ; a hearing before the County Court upon a specified notice ; an order of the County Court declaring the highway to be necessary and proper, and directing it to be laid out and opened ; and a confirmation of such order of the County Court by the General Term (now the Appellate Division) of the Supreme Court.

It will be observed that a proceeding under section 90 of the Highway Law differs from an ordinary proceeding under sections 82 to 89, inclusive, as amended,* for the alteration, discontinuance or laying out of a highway where the land desired is not dedicated to the town for highway purposes and not released by the owners. In such a proceeding a decision by the County Court, under section 89 (as amd. by Laws of 1899, chap. 703, and Laws of 1904, chap. 353) is final, and the order of the County Court is not brought before the Appellate Division as a matter of course, but may be brought here for review upon appeal only " upon questions affecting jurisdiction, and rulings and exceptions made and taken upon the hearing before the commissioners." Section 90, on the other hand, down to the last two sentences, which were added in 1895, and which will presently be discussed more particularly, relates only to highways of a special character; that is to say, highways the opening of which is expressly prohibited without the consent of the owner or owners of the land or erections thereon necessary to be taken, or unless there shall first have been obtained not only the approval of the County Court but the approval of the Appellate Division. As that section stood before 1895, it prohibited the highway commissioners of a town from laying out any highway less than three rods in width without the approval of both these tribunals. At that time the power of the County Court of Orange county and the power of the General Term of the Supreme Court, which has been succeeded by

* See Laws of 1894, chap. 334; Laws of 1897, chap. 344; Laws of 1899, chap. 703; Laws of 1901, chap. 441, and Laws of 1904, chap. 353.— [REP.

this court, to approve the laying out of such a highway as that to which the present proceeding relates, was not open to question.

That power is now questioned, however, under the last two sentences of the section, which were added by chapter 508 of the Laws of 1895, and are as follows: " In case the highway to be laid out shall constitute an extension or continuation of a public highway already in use, and shall not, as to such new portion, exceed half a mile in length, the commissioners may lay out such extension or continuation, of a width of less than three rods, provided, however, that it be not less than the widest part of the highway of which it is an extension or continuation. In such case the commissioners shall specify in their certificate the precise width of the new portion of such highway, and shall certify that such width is as great at least as the widest part of the highway of which it is a continuation or extension."

The figures which I have given at the beginning of this opinion show that the proposed highway falls precisely within the terms of these provisions. It is to be an extension or continuation of a public highway already in use; the new portion does not exceed half a mile in length ; the extension or continuation is to be less than three rods wide, and the new portion is to be less than the widest part of the highway of which it is an extension or continuation. It is contended that the prohibition contained in the last two sentences of section 90, above quoted, was intended to operate not only upon the general power of the commissioners of highways of a town in laying out new highways, but also to limit the power of the County Court and of this court and to forbid the laying out of any extension such as is referred to in these sentences except in accordance with the limitation therein prescribed, no matter whether the laying out of such extension received the approval of the courts or not.

It does not seem to me that this is a fair or true construction of the amendment. I think that the two sentences added to section 90 in 1895 are to be considered with the prohibition at the beginning of that section to the effect that no highway shall be laid out less than three rods in width, unless ordered by the County Court, etc., and as qualifying the same. That prohibition is a limitation upon the power which the commissioners of highways would other-

wise possess under previous sections of the statute. It applies to the action of the commissioners and not to the subsequent action of the County Court or the Appellate Division. Thus construed, the meaning of the section as a whole, so far as it relates to such a proposed highway as that in question here, is that the commissioners may not lay out a highway less than three rods in width without the approval of the County Court and the Appellate Division, except in the case of an extension of a public highway already in use, which they may lay out with a width of less than three rods, provided that width be not less than the widest part of the highway to be extended. They may lay out such an extension upon the prescribed condition without it being necessary to take the other legal proceedings provided for in section 90, but if they lay out a highway less than three rods in width, which does not constitute such an extension or does not fulfill the condition that it shall be as wide as the widest part of the extended highway, then their action comes within the purview of the previous portion of section 90, and the approval of the County Court and of the Appellate Division is necessary to make it effective.

If these views are correct the opposition to the motion is not well founded and the application should be granted.

WOODWARD, JENKS, RICH and MILLER, JJ., concurred.

. Motion to confirm order of the County Court of Orange county granted.

